## STACKHOUSE v. DELANEY et al.

(Circuit Court of Appeals, Eighth Circuit. January 19, 1922.)

No. 5669.

1. **Courts ⊙⇒284—Mere assertion of right under law of United States not sufficient to give federal court jurisdiction.**

The mere assertion of a right under a law of the United States is not sufficient to confer jurisdiction on a national court, but the suit must really and substantially involve a controversy as to the construction or effect of the law on the determination of which the result depends.

2. **Courts ⊙⇒299—Cause of action as stated held not one arising under a law of the United States.**

A bill by a homesteader to quiet title as against a mortgage executed before he made final proof on his entry, on the ground that the mortgage was an alienation in violation of the homestead law, *held* not to state a cause of action within the jurisdiction of a federal court, as arising under a law of the United States, where it also alleged that the mortgage was void, because obtained by fraud, and prays that it be so adjudged.

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Suit in equity by John H. Stackhouse against J. J. Delaney and others. From a decree dismissing the bill, complainant appeals. Affirmed.

G. K. Andrus, of Denver, Colo., for appellant.

L. F. Twitchell, of Denver, Colo. (Harry C. Davis and Stanley T. Wallbank, both of Denver, Colo., on the brief), for appellees.

Before CARLAND, Circuit Judge, and YOUMANS and JOHNSON, District Judges.

JOHNSON, District Judge. Appellant brought suit in the court below to quiet title to 400 acres of land in Adams county, state of Colorado. The trial court sustained a motion of the defendants to dismiss the complaint, and the plaintiff has appealed the cause to this court.

The facts alleged in the complaint are, in substance, as follows:

In 1913 plaintiff was occupying and in possession of 320 acres of the lands above mentioned under homestead entries, and 80 acres under a desert land entry, theretofore made by him in the United States land office at Denver. He was indebted to the defendant J. J. Delaney in the sum of $917, which was evidenced by a note executed by him and payable to said defendant. To secure the payment of this note plaintiff agreed to make to Delaney an assignment of certain water rights owned by the plaintiff. On the 26th of August, 1913, Delaney presented to plaintiff a paper writing, which he falsely and fraudulently represented to plaintiff to be an instrument necessary to be executed by him in connection with the assignment of said water rights; plaintiff, relying upon said representation, executed the instrument. The paper writing was not in fact an instrument necessary to be executed in connection with his water rights, but was a trust deed upon and to the

above-mentioned lands, purporting to secure the payment of the said note of $917. In November, 1914, plaintiff made final proof, and in February, 1915, the government issued to him a patent for the lands covered by his homestead entries. It is stated in the record that plaintiff made final proof and has received a patent to the lands covered by his desert entry since the trial of the case in the court below.

After plaintiff had received his patent for his homestead, the defendant Campbell, as public trustee of Adams county, Colo., advertised and sold all of the lands covered by the trust deed, pursuant to the power of sale therein contained, to the defendant Delaney, and thereafter executed a deed conveying the lands to Delaney as purchaser at said sale. Delaney has conveyed the lands by deed to the defendant Colorado Springs National Bank. It is alleged in the complaint:

"That this action arises out of a federal question involving a law of the United States essential to the cause of action and on which this action must be determined," in that the trust deed was obtained by the defendant Delaney "in fraud of and against the rights of and contrary to the laws of the United States of America."

The prayer of the complaint is:

"That all of the proceedings appertaining to said trustee's sale be declared null and void and of no effect, and that the trust deed and all proceedings had thereunder be declared null and void, and in fraud of the rights of complainant and of the laws of the United States of America, and that the deed executed and delivered by the defendant J. J. Delaney to the defendant the Colorado Springs National Bank may be declared null and void, and that said title to said land be found to be in the plaintiff, free and clear from the lien of said trust deed, and from said warranty deed given by J. J. Delaney to the defendant the Colorado Springs National Bank, and that plaintiff's title to said land be quieted and declared to be free from any lien upon the title as to any or all of said transfers."

The parties are all citizens of the state of Colorado.

Appellant brought his suit in the court below on the theory that a federal question was involved in the case, and he insists here that he is entitled to the relief prayed for in his complaint under the provisions of the public land laws of the United States, which prohibit alienation by an entryman, and which exempt lands acquired under these laws from liability for debts contracted by an entryman prior to patent.

Appellees, on the other hand, assert that the cause of action set up in the complaint is grounded upon the alleged misrepresentation of the defendant Delaney; that by the allegations of the complaint the purported deed of trust is, and always was, null and void; that no right under the land laws of the United States can be predicated upon or result from an alleged deed of trust which never in fact existed.

We agree with the contention of appellees. The rules of law applicable to the inquiry before us are these:

[1] The mere assertion of a right under a law of the United States is not sufficient to confer jurisdiction upon a national court. New Orleans v. N. O. Waterworks Co., 142 U. S. 79, 12 Sup. Ct. 142, 35 L. Ed. 943; Hamblin v. Western Land Co., 147 U. S. 531, 13 Sup. Ct. 353, 37 L. Ed. 267; Ft. Smith Railway v. State of Missouri, 156 U. S. 478, 15 Sup. Ct. 443, 39 L. Ed. 502. When a suit does not really and substantially involve a dispute or controversy as to the effect or

construction of the Constitution or laws of the United States, upon the determination of which the result depends, it is not a suit arising under the Constitution or laws. Western Union Tel. Co. v. Ann Arbor R. Co., 178 U. S. 239, 20 Sup. Ct. 867, 44 L. Ed. 1052; Minnesota v. Northern Securities Co., 194 U. S. 48, 24 Sup. Ct. 598, 48 L. Ed. 870.

[2] It is the contention of the plaintiff that a mortgage or a deed of trust by an entryman of the public lands before final proof is an alienation within the meaning of the statute. This contention assumes that the paper signed by the plaintiff at the request of the defendant Delaney, purporting to be a deed of trust, was such in fact. But this assumption is contrary to the specific allegations of the complaint. As already stated, plaintiff alleges in his complaint that he was induced to execute the deed of trust by the false and fraudulent representations of the defendant Delaney, and he prays that the court shall adjudge the deed of trust for that reason to be null and void.

If the act which constituted the alienation, namely, the execution of the trust deed, was the result of fraud, then there was never in fact or in law an alienation by plaintiff of his lands. The principle involved and applied by the Supreme Court of the United States in New Orleans v. N. O. Waterworks Co., supra, is equally applicable here. The court in that case said (142 U. S. 88, 89, 12 Sup. Ct. 146 [35 L. Ed. 943]):

"* * * We think that, before we can be asked to determine whether a statute has impaired the obligation of a contract, it should appear that there was a legal contract subject to impairment, and some ground to believe that it has been impaired, and that to constitute a violation of the provision against depriving any person of his property without due process of law it should appear that such person has a property in the particular thing of which he is alleged to have been deprived.

"(2) The contract relied upon in this case is that contained in section 11 of the act of 1877, which provided that the city should be allowed the free use of water for municipal purposes in consideration whereof the franchise and property of the water company should be exempted from taxation. There are several reasons, however, why the city cannot claim that this contract was impaired by subsequent legislation: First, because the contract itself, which was in reality between the state and the waterworks company, was ultra vires and void, and was so declared by the Supreme Court of Louisiana in the case between the city and the waterworks company, 36 La. Ann. 432; second, because the city repudiated its contract by bringing suit against the company for its taxes, and it does not now lie in the mouth of its counsel to claim that the obligation of such contract was impaired by subsequent legislation, when such legislation was rendered necessary by, or at least was the natural outgrowth of, its own repudiation of the contract. * * *"

We are of the opinion that it clearly appears on the face of the complaint that no federal question is involved in the case, and that the court below was without jurisdiction.

Decree affirmed.